Our fifth case this morning is Van Dyke v. Fultz. Good morning, members of the court. My name is... Just a moment, Mr. Craddock. Your opposing counsel is not seated yet. All right, you may proceed. Good morning, members of the court. My name is Jason Craddock. I represent Christel Van Dyke, the plaintiff in this litigation. Excuse me. What we have in this case is an incredibly tragic story, in which not only was there injustice, but there was tearing apart of a family. And now, in trying to get redress, we find ourselves in a thicket of procedural technicalities, which, frankly, are needlessly in the way. Two things I would like to address in this case is the jurisdictional issue, which we've raised in our brief. Actually, the court raised it early, before the briefing began, and limited the scope of this appeal to only the post-trial, the denial of our post-trial motion. And we have argued in our brief that this court should consider the case of its merits, the denial of the motion for... I'm sorry, the granting of the motion for summary judgment, which the trial court granted, primarily because the plaintiff, in the course of the summary judgment motion practice, was pro se. And this case involved a sealed record with probably 600 to 700 pages of documents that were under seal. And after this decision granting summary judgment was handed down by the trial court, the plaintiff, at the time pro se, had some of these documents that were under seal, that she had copies of, were stolen or misplaced. And so she filed a motion with the court immediately, asking for the court to order the clerk to give her copies of the documents, because the clerk would not do it. What the trial court did was order the defense counsel to give the plaintiff the documents, and then extended the time for her to file a motion to reconsider beyond the 28 days that Rule 59E allows. And again, she was pro se at the time. She had no way of knowing that this was going to deprive this court of jurisdiction when it came time to appeal. The defense has pointed out that the Unique Circumstances Doctrine was rejected by a Supreme Court case called Bowles v. Russell. However, I believe that case is different from this one in the respect that, even in the Bowles case, the Supreme Court said that if Congress sets a time limit with respect to litigation or filing of a lawsuit, then it's jurisdictional. However, if it's fixed by court rule, then courts can—it's not jurisdictional. Courts can take things into account and provide equitable solutions in certain situations. In this case, we're talking about Rule 59E, and Rule 59E came from the old equity rules. It's not derived from a statute, and so this is a court-imposed rule. This is not an act of Congress that says if you don't file—you have to file your Rule 59E motion within 28 days. So I would argue that the trial court had the discretion to allow Ms. Van Dyke extra time, especially given that she was pro se and there were a number of documents under seal that she needed. And so for that reason, we would argue that this court should entertain the appeal with respect to the summary judgment being granted, as well as the denial of her post-trial motion. And I would like to point out, though, even if this court decides not to do that, as counsel for defense has pointed out, the abuse of discretion standard would apply because then Ms. Van Dyke's motion would be treated as a motion under Rule 60, federal Rule 60. And so this court would be looking to see did the trial court abuse its discretion in denying the post-trial motion. I would argue the court did very plainly because the court essentially made credibility determinations in the course of a summary judgment motion. Even in the court's decision denying the post-trial motion, the court— In the motion to reconsider, there was no trial here. Right. That's what I meant, the motion to reconsider. The court, in dealing with the question of First Amendment retaliation, the court starts to look at the credibility of the defendant, of Defendant Johnson, in terms of whether her actions against Ms. Van Dyke were credible or what they were motivated by. How does that argument fit within the limits of Rule 60B? Which provision of Rule 60B are you proceeding under with that argument? We proceeded under Rule 59. Right, but that's gone because there was not a timely Rule 59 motion. So this is construed as a Rule 60B motion, and that's the only thing that's before us properly on appeal because there was no timely notice of appeal, which is a jurisdictional requirement. That's statutory. Well, the notice of appeal might be statutory. However, it was timely if the trial court's allowing— The trial court doesn't have time to extend that deadline. It doesn't have discretion to extend that deadline, I should say. I understand that. Respectfully, we're arguing that it does, and we've made that argument. Well, the Supreme Court has said otherwise. I just argue that that case is distinguished because if you look at Rule 59, Rule 59 is not derived from statute. But the notice of appeal is statutory, and there was no timely notice of appeal, and the district court has no authority to extend that deadline. A timely Rule 59 motion does so, but your client's Rule 59 motion was not timely. So the only thing that's before us is the post-judgment motion. This was a summary judgment, and that's been construed as a Rule 60B motion. So how does your argument fit within the requirements for Rule 60B? Again, without waiving our arguments as to the propriety of considering the Rule 59 motion untimely, we would say it's plain error to make credibility determinations in the course of summary judgment motion practice, and also just on its face. Well, plain error is not one of the grounds for Rule 60B relief. That's just normal review. That's a normal review standard when an issue has been forfeited. But this is a civil case. You're asking for relief from the judgment. The only basis for granting relief from the judgment would be under 60B, so you have to fit your arguments within the requirements of Rule 60B. If we're looking at Rule 60B, then... We would say that the court, in misapplication of the law that we were advancing with respect to First Amendment retaliation, in the court's motion, the court itself had actually ruled it on the basis of Rule 59 too, so the trial court itself went under that standard. But nevertheless, the trial court admitted that the defendant took action against Ms. Van Dyck because of the content of her speech, and yet proceeded to say there was no genuine issue of fact and denied her retaliation claim. It's difficult to conceive of how something that, when it's that blatant on its face, can be overlooked. And more than once, it was done in the summary judgment opinion. When we pointed out that that was a manifest error of law, as well as the misconstruing the facts, the court makes this very bold statement saying, you know, yes, she did retaliate on the basis of the content of her speech. All right. Mr. Prattuck, your time has expired. Thank you. Good morning. May it please the court, my name is Danielle Malady, I work for the defendants. This appeal arises from the trial court's October 26, 2018, denial of plaintiff's motion to reconsider. Nothing more. This court should affirm the trial court's denial because Judge Lee did not abuse his discretion in finding that plaintiff had not presented any new evidence and properly found that plaintiff failed to demonstrate that his denial resulted from a manifest error of law. In other words, a wholesale disregard, misapplication, or failure to recognize controlling precedent. Today, defendants stand by their position taken in the brief and further stand by their compliance with this court's three orders limiting the jurisdiction conforming to Rule 4A. This court excluded a review of the trial court's March 29, 2018 order granting defendants motion for summary judgment because a trial court cannot expand, alter, or dictate the reviewing court's jurisdiction. Taking a step back here, the trial court docket is replete with instances of extensions, failures to appear, failures to meet deadlines. Time and time again, the trial court nonetheless accommodated plaintiff. Now, plaintiff is only unrepresented for 12 months of the six-year lifetime of this case. So for plaintiff to contend that her indigent status should be considered in this court's review is disingenuous. This is not new. The reviewing court cannot depart from the rules that limit its jurisdiction by rewarding plaintiff's failure to meet deadlines congressionally prescribed. Plaintiff nonetheless spends the majority of her brief asking this court to review the order granting defendants motion for summary judgment, though the notice of appeal was not filed until seven months after the deadline. She predicates her argument on the unique circumstances doctrine. And unfortunately for the plaintiff, this is not an old doctrine, as counsel suggests. It was applied as recently as November 27, 2019 in this court. In CLV Darko, this court reiterated that the unique circumstances doctrine is illegitimate. Congress specifically limited the amount of time by which a district court can extend the notice of appeal period in Section 2107 of the United States Code, a limitation that goes to the very heart of our separation of powers. If this court were to allow plaintiff to have the order granting the motion for summary judgment reviewed today, such a ruling would contravene the bounds of appellate jurisdiction established by Congress and undermine a century's worth of precedent and practice regarding time limitations on appeals. The essence of Rule 4a is finality of judgment. The time limitation is specific and unequivocal. It's not a technicality. While Rule 4a may work misfortune in its application, it is an overriding principle which demands enforcement. No exceptions, no accommodations. So what's left? Since there's no jurisdiction for review of the order granting the motion for summary judgment, the question turns to the only issue on appeal today, which is the order denying plaintiff's motion to reconsider. And the standard of judgment is abuse of discretion. In other words, no reasonable person could agree with the decision of the trial court. This court must have a definite, firm conviction that the trial court committed a blatant error of judgment and is convinced firmly that the decision lies beyond the pale of reasonable justification. Now, the record on appeal overwhelmingly supports the trial court's proper finding that plaintiff failed to establish a manifest error of law in denying the motion to reconsider. That's the Rule 59 standard. This motion can only be construed as a Rule 60B motion, so we shouldn't even be considering the Rule 59 standard.  It's a very steep standard in both instances, but Rule 60B has specific baskets of relief into which the case must fit. Otherwise, relief is inappropriate. And perhaps it may aid the court in its analysis, as plaintiff was questioned earlier, that this is a Rule 60 motion because untimely 59 motions are treated as Rule 60 motions. So in plaintiff's brief, plaintiff specifically cites 1 and 6. 1 is mistake, inadvertence, surprise, or excusable neglect. And, of course, number 6, the catch-all, anything else. But plaintiff at no point points this court's attention to one single mistake or fraud or anything. And 60B1 refers to the party's excusable neglect or mistake in litigation of the case, not judicial error in deciding the summary judgment motion. Otherwise, it's a backdoor to receiving plenary review. So that's just a misconstruction of 60B1. I agree with Your Honor. However, for plaintiff to contend that there was some mistake by the parties or that there was inadvertence or any reason couched in plaintiff's very temporary indigence is, again, disingenuous. And even still, if we were to look to any interest of preserving our position on the propriety of Judge Lee's order, the trial court properly found that there was no manifest error of law in his finding that plaintiff contends that the trial court failed to consider the 14-day notice requirement, which was addressed ad nauseum at the summary judgment stage and during the motion to reconsider. Not a single indication of manifest error is present in the opinion. That's a state law requirement. That's not a constitutional violation. Absolutely. Plaintiff's claims arose under the Fourth Amendment, which does not create remedies for violations of state or local law. So I agree with Your Honor. In adhering to the Seventh Circuit precedent, the trial court held that whether a search is reasonable within the meaning of the Fourth Amendment has never depended upon the laws of a particular state. The trial court properly found that no clearly established statutory or constitutional right which a reasonable person would have been aware was violated, as any such right was not established in a particularized sense. Judge Lee properly found that the contours of the Fourth Amendment were not sufficiently clear such that a reasonable social worker would have recognized she was engaging in an unreasonable search by entering the foster home to remove a child. The Seventh Circuit has noted that there is an absence of compelling authority for holding the grandparents without permanent custody rights a liberty interest under the Due Process Clause in associating with their grandchildren. And plaintiff acknowledges that there is no expectation of privacy, but in the abstract, plaintiff contends that Van Dyck was still entitled to an expectation of privacy without any legally persuasive authority. Now, it should be noted that Casey was and remained a ward of the state. Plaintiff never had custody of Casey, much less a reasonable expectation to continue caring for Casey. Plaintiff consented in writing to care for a ward of the state. Plaintiff knowingly assumed a contractual relationship with the State of Illinois to be a temporary caregiver. The trial court recognized that plaintiff violated both her foster parent and relative caregiver agreement repeatedly by prohibiting visits, failing to bring Casey to court, and not reporting to DCFS regarding doctor appointments. Now, with respect to the second contention in Plaintiff's Motion to Reconsider, she next complains that Johnson's testimony constituted an admission, but the trial court properly relied on this court's precedent in holding that temporal proximity alone is insufficient to establish causation. An action colored by some degree of bad motive does not amount to a constitutional tort if the action would have been taken anyway. Plaintiff is misguided in finding... We're arguing the merits here, which are not before us. Okay. Your Honor, the Motion to Reconsider was properly denied as plaintiff presented no new evidence. Plaintiff failed to show any mistake, inadvertent surprise, or excusable neglect by the parties. Judge Lee meticulously, carefully, and cautiously analyzed each fact throughout, and all authoritative law applicable to this case was applied. In Burrett in 2015, which was cited in Defendant's 28-J letter, this court was satisfied in finding that dissatisfaction with counsel is not enough to show any of the requirements under Rule 59 or 60. Any other finding by Judge Lee would have contravened the laws controlling the First and Fourth Amendment. Plaintiff's burden is high. She failed to meet it at the trial court level and has failed again today. This court should affirm the trial court's denial of plaintiff's motion and exclude any reference whatsoever to the order granting defendant's motion for summary judgment. It should preserve the finality of judgment entered on March 29, 2018. Thank you. Mr. Craddock, your time has expired. The case is taken under advisement.